William P. Deni, Jr.
Charles H. Chevalier
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545

*Attorneys for Plaintiffs*
*Merck Sharp & Dohme B.V.*
*and Organon USA Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MERCK SHARP & DOHME B.V. and ORGANON USA INC., <br><br> Plaintiffs, <br><br> v. <br><br> ZYDUS PHARMACEUTICALS (USA) INC. and CADILA HEALTHCARE LIMITED, <br><br> Defendants. | Civil Action No. 20-3068 <br><br> *Document Electronically Filed* |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Merck Sharp & Dohme B.V. ("Merck B.V.") and Organon USA Inc. ("Organon") (together, "Merck"), by their attorneys, bring this complaint against Defendants Zydus Pharmaceuticals (USA) Inc. ("Zydus USA") and Cadila Healthcare Limited ("Zydus Cadila") (together, "Zydus Defendants"), and hereby allege as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, including 35 U.S.C. § 271(e)(2), the Drug Price Competition and

-1-

Patent Term Restoration Act of 1984, 21 U.S.C. § 355(j) (the "Hatch-Waxman Act"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that arises out of Zydus Defendants' submission of an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import all strengths of a purported generic version of Bridion® (sugammadex) Injection prior to the expiration of U.S. Patent No. RE44,733 ("the '733 patent").

**PARTIES**

2.     Plaintiff Merck Sharp & Dohme B.V. ("Merck B.V.") is a corporation organized and existing under the laws of the Netherlands with its principal place of business at Waarderweg 39, Haarlem, Netherlands 2031 BN.  Merck B.V. is an indirect, wholly owned subsidiary of Merck & Co., Inc., a New Jersey corporation, which has its principal place of business at 2000 Galloping Hill Road, Kenilworth, New Jersey 07033.

3.     Plaintiff Organon USA Inc. ("Organon") is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey 08889.  Organon is a wholly owned subsidiary of Merck & Co., Inc.

4.     On information and belief, Defendant Zydus Pharmaceuticals (USA) Inc. ("Zydus USA") is a corporation organized and existing under the laws of the State of New Jersey, having a principal place of business at 73 Route 31 North, Pennington, New Jersey 08534.  On information and belief, Zydus USA is in the business of, among other things, manufacturing, promoting, marketing, selling, offering for sale, using, distributing, and importing into the United States, generic versions of branded pharmaceutical drugs for the U.S. market.

5.     On information and belief, Defendant Cadila Healthcare Limited ("Zydus Cadila") is a corporation organized and existing under the laws of India, having a place of business

at Zydus Corporate Park, Scheme No. 63, Survey No. 536, Khoraj (Gandhinagar), Nr. Vaishnodevi Circle, Ahmedabad, Gujarat, 382481 India.  On information and belief, Zydus Cadila is in the business of, among other things, manufacturing, promoting, marketing, selling, offering for sale, using, distributing, and importing into the United States, generic versions of branded pharmaceutical drugs for the U.S. market, through various operating subsidiaries, including Zydus USA.

6.    On information and belief, Zydus USA is a wholly owned subsidiary of Zydus Cadila.

7.    By a letter dated February 18, 2020 ("Zydus Notice Letter"), Zydus USA notified Merck that Zydus USA had submitted to the FDA ANDA No. 214290 ("Zydus' ANDA") for purported generic versions of sugammadex injection, 200 mg/2 mL and 500 mg/5 mL ("Zydus ANDA Products"), seeking FDA approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of the Zydus ANDA Products in or into the United States, including New Jersey, prior to the expiration of the '733 patent.

8.    On information and belief, Zydus USA and Zydus Cadila acted in concert to prepare and submit Zydus' ANDA and the Zydus Notice Letter.

9.    On information and belief, Zydus USA and Zydus Cadila know and intend that upon approval of Zydus' ANDA, Zydus USA and/or Zydus Cadila will manufacture, promote, market, sell, offer for sale, import, use, and/or distribute the Zydus ANDA Products throughout the United States, including in New Jersey. On information and belief, Zydus USA and Zydus Cadila are agents of each other and/or operate in concert as integrated parts of the same business group, including with respect to the Zydus ANDA Products, and enter into agreements that are nearer than arm's length. On information and belief, Zydus USA and Zydus Cadila participated,

assisted, and cooperated in carrying out the acts complained of herein.

10.    On information and belief, following any FDA approval of Zydus' ANDA, Zydus USA and Zydus Cadila will act in concert to manufacture, promote, market, sell, offer for sale, import, use, and/or distribute the Zydus ANDA Products throughout the United States, including New Jersey.

## JURISDICTION AND VENUE

11.    Merck incorporates each of the preceding paragraphs 1–10 as if fully set forth herein.

12.    This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, including 35 U.S.C. § 271, for infringement of the asserted patent.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

13.    This Court has personal jurisdiction over Zydus USA because Zydus USA is a corporation organized and existing under the laws of New Jersey and because Zydus USA has its principal place of business in New Jersey.

14.    Zydus USA is also subject to personal jurisdiction in New Jersey because, among other things, Zydus USA has purposely availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being sued in this Court.  On information and belief, Zydus USA develops, manufactures, imports, markets, distributes, uses, offers to sell, and/or sells generic drugs throughout the United States, including in the State of New Jersey, and therefore transacts business within the State of New Jersey related to Merck's claims, and/or has engaged in systematic and continuous business contacts within the State of New Jersey.

15.    Zydus USA, in concert with Zydus Cadila, has committed an act of infringement in this judicial district by filing ANDA No. 214290 with the intent to make, use, sell,

offer for sale, and/or import the Zydus ANDA Products in or into this judicial district, prior to the expiration of the '733 patent.

16.    Zydus USA's website states that Zydus USA "is the US generic drug division of a much larger company known as Zydus Cadila Healthcare." *See* Zydususa.com, Providing Outstanding Service & High-Quality, Affordable Generics, *available at* http://zydususa.com/ (last visited March 17, 2020).  Zydus USA's website further states, "[w]ith the strength and worldwide reputation of Zydus Cadila supporting the US Division, Zydus is looking forward to continuing its growth in the US marketplace." *See id.* at Overview tab.

17.    Zydus Cadila is subject to personal jurisdiction in New Jersey because, among other things, Zydus Cadila itself, and through its wholly owned subsidiary Zydus USA, purposely availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being sued in this Court.  On information and belief, Zydus Cadila itself, and through its wholly owned subsidiary Zydus USA, develops, manufactures, imports, markets, distributes, uses, offers to sell, and/or sells generic drugs throughout the United States, including in the State of New Jersey, and therefore transacts business within the State of New Jersey related to Merck's claims, and/or has engaged in systematic and continuous business contacts within the State of New Jersey.  In addition, Zydus Cadila is subject to personal jurisdiction in New Jersey because, on information and belief, it controls and dominates Zydus USA, and therefore the activities of Zydus USA in this jurisdiction are attributed to Zydus Cadila.

18.    Zydus Cadila's 2018-19 Annual Report states that Zydus Cadila "has a global presence and sells its products in the United States…."  Zydus Cadila Healthcare Ltd. Annual Report 2018-19 at 26, *available at* https://zyduscadila.com/public/pdf/financial/annual/ Cadila_Delux.pdf (last visited March 17, 2020) ("Zydus Cadila Annual Report").  The Zydus

Cadila Annual Report also states that Zydus Cadila's "key geographies of growth will continue to be the United States…likely to be driven by new product introductions and brand pricing…." *Id.* Further, the Zydus Cadila Annual Report states "Zydus Pharmaceuticals USA Inc., USA, a wholly owned subsidiary company of [Zydus Cadila] is also now considered as a material subsidiary of [Zydus Cadila]." *Id.* at 80.

19.    Zydus Defendants have taken the costly, significant step of applying to the FDA for approval to engage in future activities, including the marketing of the Zydus ANDA Products, that will be purposefully directed at New Jersey and elsewhere in the United States.

20.    On information and belief, Zydus Defendants have systematic and continuous contacts with New Jersey; have established distribution channels for drug products in New Jersey; regularly and continuously conduct business in New Jersey, including by selling drug products in New Jersey, either directly or indirectly through their subsidiaries, agents, or affiliates; have purposefully availed themselves of the privilege of doing business in New Jersey; and derive substantial revenue from the sale of drug products in New Jersey.

21.    On information and belief, if Zydus' ANDA is approved, Zydus Defendants will manufacture, market, promote, sell, offer for sale, import, use and/or distribute the Zydus ANDA Products within the United States, including in New Jersey, consistent with Zydus Defendants' practices for the marketing and distribution of other generic pharmaceutical products. On information and belief, Zydus Defendants regularly do business in New Jersey, and their practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in New Jersey. On information and belief, Zydus Defendants' generic pharmaceutical products are used and/or consumed within and throughout the United States, including in New Jersey. On information and

belief, the Zydus ANDA Products will be prescribed by physicians practicing in New Jersey, dispensed by pharmacies located within New Jersey, and used by patients in New Jersey. Each of these activities would have a substantial effect within New Jersey and would constitute infringement of the '733 patent in the event that the Zydus ANDA Products are approved before the '733 patent expires.

22.     On information and belief, Zydus USA is registered as "Wholesale" with the State of New Jersey's Department of Health under Registration No. 5003171.

23.     On information and belief, Zydus USA is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0100915422.

24.     On information and belief, Zydus Defendants derive substantial revenue from generic pharmaceutical products that are used and/or consumed within New Jersey, and that are manufactured by Zydus Defendants and/or for which Zydus USA and/or Zydus Cadila is/are the named applicant(s) on approved ANDAs. On information and belief, various products for which Zydus USA and/or Zydus Cadila is/are the named applicant(s) on approved ANDAs are available at retail pharmacies in New Jersey.

25.     On information and belief, Zydus USA has consented to jurisdiction in New Jersey in one or more prior cases arising out of the filing of its ANDAs, and/or has filed counterclaims in such cases. *See*, *e.g.*, *Valeant Pharm. N. Am. LLC et al. v. Zydus Pharm. (USA) Inc. et al.*, No. 3:18-cv-13635-BRM-LHG (D.N.J. Sept. 6, 2018); *Takeda Pharm. Co. et al. v. Zydus Pharm. (USA) Inc. et al.*, No. 3:18-cv-11792-FLW-TJB (D.N.J. July 18, 2018).

26.     On information and belief, Zydus Cadila has consented to jurisdiction in New Jersey in one or more prior cases arising out of the filing of its ANDAs, and/or has filed

counterclaims in such cases. *See*, *e.g.*, *Valeant Pharm. N. Am. LLC et al. v. Zydus Pharm. (USA) Inc. et al.*, No. 3:18-cv-13635-BRM-LHG (D.N.J. Sept. 6, 2018); *Takeda Pharm. Co. et al. v. Zydus Pharm. (USA) Inc. et al.*, No. 3:18-cv-11792-FLW-TJB (D.N.J. July 18, 2018).

27.    Additionally, this Court has personal jurisdiction over Zydus Cadila because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Merck's claims arise under federal law; (b) Zydus Cadila is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Zydus Cadila has sufficient contacts in the United States as a whole, including, but not limited to, by participating in the preparation and submission of Zydus' ANDA, and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States, including in this judicial district, such that this Court's exercise of jurisdiction over Zydus Cadila satisfies due process.

28.    Venue is proper in this Court as to Zydus USA pursuant to 28 U.S.C. § 1400(b) because Zydus USA is incorporated in the State of New Jersey and therefore resides in this judicial district.

29.    Venue is proper in this Court as to Zydus Cadila because Zydus Cadila is a foreign entity who may be sued in any judicial district, including in the District of New Jersey. 28 U.S.C. § 1391(c)(3); *see also* 28 U.S.C. § 1400(b).

## THE PATENT-IN-SUIT

30.    Merck B.V. is the owner and assignee of the '733 patent, entitled "6-Mercapto-Cyclodextrin Derivatives: Reversal Agents For Drug-Induced Neuromuscular Block" (attached as Exhibit A).  Merck B.V. has the right to enforce the '733 patent.

31.    The '733 patent was duly and legally issued on January 28, 2014.  The '733 patent was a reissue of U.S. Patent No. 6,670,340, which was duly and legally issued on December 30, 2003.

32.    The '733 patent includes claims that recite 6-per-deoxy-6-per-(2-carboxyethyl)thio-γ-cyclodextrin, compositions containing 6-per-deoxy-6-per-(2-carboxyethyl)thio-γ-cyclodextrin, methods of using 6-per-deoxy-6-per-(2-carboxyethyl)thio-γ-cyclodextrin, and kits containing 6-per-deoxy-6-per-(2-carboxyethyl)thio-γ-cyclodextrin.

33.    6-Per-deoxy-6-per-(2-carboxyethyl)thio-γ-cyclodextrin is also referred to as sugammadex.

34.    The FDA's Approved Drug Products with Therapeutic Equivalence Evaluations ("Orange Book") currently lists the expiration of the '733 patent as January 27, 2021. On February 4, 2020, the United States Patent and Trademark Office ("PTO") issued a Notice Of Final Determination on the patent term extension ("PTE") application for the '733 patent, wherein the PTO determined that the '733 patent is eligible for 5 years of PTE (attached as Exhibit B). Therefore, after the PTE certificate is issued, the expiration of the '733 patent will be January 27, 2026.

## THE BRIDION® DRUG PRODUCT

35.    Organon is the holder of New Drug Application ("NDA") No. 022225, under which the FDA approved the commercial marketing of Bridion® (sugammadex) Injection ("Bridion®") on December 15, 2015, under Section 505(a) of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 355(a).  Bridion® is approved for the reversal of neuromuscular blockade induced by rocuronium bromide and vecuronium bromide in adults undergoing surgery.  Bridion® is distributed in the United States by Merck Sharp and Dohme Corp., a wholly owned subsidiary of Merck & Co., Inc., in 200 mg/2 mL and 500 mg/5 mL strengths in a single-dose vial for bolus injection. A true and correct copy of the current prescribing information for Bridion® is attached as Exhibit C.

36.    Bridion® is a first-in-class drug that works differently than prior agents used

for the reversal of neuromuscular blockade.  The active ingredient in Bridion®, sugammadex, is a modified cyclodextrin that acts by directly encapsulating, binding, and inactivating agents used by healthcare providers to induce neuromuscular blockade in patients undergoing surgery, e.g., rocuronium or vecuronium, to reverse their effects.  After intravenous injection, Bridion® distributes through plasma and binds to such neuromuscular blocking agents ("NMBAs") to form a complex.  This process reduces the amount of NMBA available to bind to nicotinic cholinergic receptors in the neuromuscular junction, resulting in the reversal of neuromuscular blockade.

37.     By this mechanism, Bridion® also avoids several of the side effects associated with prior reversal agents, such as acetylcholinesterase inhibitors.  Traditional reversal agents are co-administered with other agents to manage these side effects, but the co-administered agents can cause a number of additional side effects.  Moreover, Bridion® is capable of reversing the complete and prolonged block of neuromuscular function (known as "profound block") that can occur with the administration of NMBAs.  Further, intravenous administration of sugammadex results in more rapid recovery from moderate or deep neuromuscular blockade in patients undergoing surgery who received rocuronium or vecuronium, as compared to neostigmine or succinylcholine.  Because of at least these unique features, Bridion® has been viewed as a significant advance in the field of anesthesiology.

38.     Bridion®, as well as methods of using Bridion®, are covered by one or more claims of the '733 patent.  The '733 patent has been listed in connection with NDA No. 022225 in the FDA's Orange Book.

### DEFENDANTS' ANDA AND NOTICE OF PARAGRAPH IV CERTIFICATION

39.     On information and belief, Zydus Defendants have submitted or caused the submission of Zydus' ANDA to the FDA under 21 U.S.C. § 355(j), to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale within the United States or importation

into the United States of the Zydus ANDA Products, as a purported generic version of Bridion®, prior to the expiration of the '733 patent.

40.     On information and belief, the FDA has not yet approved Zydus' ANDA.

41.     In the Zydus Notice Letter, Zydus USA notified Merck of the submission of Zydus' ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Zydus ANDA Products prior to the expiration of the '733 patent.

42.     In the Zydus Notice Letter, Zydus USA acknowledged that the Reference Listed Drug for Zydus' ANDA is Bridion®.  Bridion® is indicated for the reversal of neuromuscular blockade induced by rocuronium bromide and vecuronium bromide in adults undergoing surgery.

43.     In the Zydus Notice Letter, Zydus USA also notified Merck that, as part of its ANDA, Zydus USA had filed a purported Paragraph IV Certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to the '733 patent.

44.     On information and belief, Zydus USA submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '733 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of the Zydus ANDA Products.

45.     In the Zydus Notice Letter, Zydus USA stated that the Zydus ANDA Products contain sugammadex as an active ingredient.

46.     On information and belief, Zydus Defendants, through their own actions and through the actions of their agents, affiliates, and subsidiaries, prepared and submitted Zydus' ANDA, and intend to further prosecute Zydus' ANDA.  On information and belief, if the FDA approves Zydus' ANDA, Zydus Defendants will manufacture, distribute, promote, market, offer

for sale, or sell the Zydus ANDA Products within the United States, or will import the Zydus ANDA Products into the United States. On information and belief, if the FDA approves Zydus' ANDA, Zydus Defendants, through their own actions and through the actions of their agents, affiliates, and subsidiaries, will actively induce or contribute to the manufacture, use, offer for sale, sale, or importation of the Zydus ANDA Products in or into the United States.

47.    Merck brings this action within forty-five days of receipt of the Zydus Notice Letter. Accordingly, Merck is entitled to a stay of FDA approval pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

**COUNT I – INFRINGEMENT OF THE '733 PATENT**

48.    Merck incorporates each of the preceding paragraphs 1–47 as if fully set forth herein.

49.    The Zydus ANDA Products, and the use of the Zydus ANDA Products, are covered by one or more claims of the '733 patent, including at least claim 1 of the '733 patent, because claim 1 of the '733 patent encompasses the sugammadex utilized in the Zydus ANDA Products.

50.    In the Zydus Notice Letter, Zydus USA did not contest infringement of claims 1-5, 9, 11-14, 20 and 21 of the '733 patent.

51.    Zydus Defendants' submission of Zydus' ANDA with a Paragraph IV Certification for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Zydus ANDA Products in or into the United States before the expiration of the '733 patent is an act of infringement of the '733 patent under 35 U.S.C. § 271(e)(2)(A).

52.    If approved by the FDA, Zydus Defendants' commercial manufacture, use, importation, sale, and/or offer for sale of the Zydus ANDA Products in or into the United States

will directly infringe, contribute to the infringement of, and/or actively induce the infringement of one or more claims of the '733 patent under 35 U.S.C. § 271(a)-(c).

53.    On information and belief, Zydus Defendants will engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Zydus ANDA Products in or into the United States immediately and imminently upon approval of Zydus' ANDA.

54.    The commercial manufacture, use, sale, offer for sale, or importation of the Zydus ANDA Products in or into the United States would infringe one or more claims of the '733 patent.

55.    On information and belief, the commercial manufacture, use, sale, offer for sale, or importation of the Zydus ANDA Products in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '733 patent.

56.    On information and belief, upon FDA approval of Zydus' ANDA, Zydus Defendants will, through their own actions or through the actions of their agents, affiliates, and subsidiaries, market and/or distribute the Zydus ANDA Products to resellers, pharmacies, hospitals, clinics, healthcare professionals, and other end users. On information and belief, Zydus Defendants will knowingly and intentionally accompany the Zydus ANDA Products with a product label or product insert that will include instructions for using or administering the Zydus ANDA Products, which are substantially similar to the instructions in the prescribing information for Bridion®, attached as Exhibit C, and which, if followed, will infringe the '733 patent. Accordingly, Zydus Defendants will induce resellers, pharmacies, hospitals, clinics, healthcare professionals, and other end users of the Zydus ANDA Products to directly infringe the '733 patent. On information and belief, Zydus Defendants will encourage acts of direct infringement

with knowledge of the '733 patent and knowledge that Zydus Defendants are encouraging infringement.

57. On information and belief, Zydus Defendants plan and intend to, and will, actively induce infringement of the '733 patent when Zydus' ANDA is approved, and plan and intend to, and will, do so immediately and imminently upon approval. Zydus Defendants' activities will be done with knowledge of the '733 patent and specific intent to infringe that patent.

58. On information and belief, Zydus Defendants know that the Zydus ANDA Products and proposed labeling are especially made or adapted for use in infringing the '733 patent, that the Zydus ANDA Products are not a staple article or commodity of commerce, and that the Zydus ANDA Products and accompanying proposed labeling are not suitable for substantial noninfringing use. On information and belief, Zydus Defendants plan and intend to, and will, contribute to infringement of the '733 patent immediately and imminently upon approval of Zydus' ANDA.

59. Notwithstanding Zydus Defendants' knowledge of the claims of the '733 patent, Zydus Defendants have continued to assert their intent to manufacture, use, offer for sale, sell, distribute, and/or import the Zydus ANDA Products with its product labeling in or into the United States following FDA approval of Zydus' ANDA prior to the expiration of the '733 patent.

60. The foregoing actions by Zydus Defendants constitute and/or will constitute direct infringement of the '733 patent; active inducement of infringement by others of the '733 patent; and contribution to the infringement by others of the '733 patent.

61. On information and belief, Zydus USA, in concert with its agents, affiliates, and subsidiaries, including Zydus Cadila, filed Zydus' ANDA with a Paragraph IV Certification without adequate justification for asserting that the '733 patent is invalid, unenforceable, and/or

not infringed by the commercial manufacture, use, offer for sale, sale, or importation in or into the United States of the Zydus ANDA Products. On information and belief, Zydus Defendants have acted with full knowledge of the '733 patent and without a reasonable basis for believing that they would not be liable for direct infringement of the '733 patent; active inducement of infringement by others of the '733 patent; and/or contribution to the infringement by others of the '733 patent. On information and belief, the direct and indirect infringement by Zydus Defendants of the '733 patent was and is willful. Zydus Defendants' conduct renders this case "exceptional" under 35 U.S.C. § 285.

62.     Merck will be substantially and irreparably damaged by infringement of the '733 patent. Unless Zydus Defendants are enjoined from directly infringing the '733 patent, actively inducing infringement of the '733 patent, and contributing to the infringement of the '733 patent, Merck will suffer irreparable injury. Merck has no adequate remedy at law, and considering the balance of hardships between Merck and Zydus Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of an injunction.

### PRAYER FOR RELIEF

WHEREFORE, Merck requests the following relief:

(a)     A judgment that the '733 patent has been infringed under 35 U.S.C. § 271(e)(2) by Zydus Defendants' submission to the FDA of Zydus' ANDA;

(b)     A judgment, pursuant to 35 U.S.C. § 271(e)(4)(A), ordering that the effective date of any FDA approval of the commercial manufacture, use, or sale of the Zydus ANDA Products, or any other drug product that infringes or the use of which infringes the '733 patent, be not earlier than the expiration date of the '733 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(c)     A preliminary and permanent injunction, pursuant to 35 U.S.C. §§ 271(e)(4)(B) and

283 and Rule 65, Fed. R. Civ. P., enjoining Zydus Defendants, and all persons acting in concert with Zydus Defendants, from the commercial manufacture, use, offer for sale, or sale in the United States, or importation into the United States of the Zydus ANDA Products, or any other drug product covered by or whose use is covered by the '733 patent, prior to the expiration of the '733 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)    A judgment declaring that the commercial manufacture, use, offer for sale, or sale in the United States, or importation into the United States of the Zydus ANDA Products, or any other drug product that is covered by or whose use is covered by the '733 patent, prior to the expiration of the '733 patent, inclusive of any extension(s) and additional period(s) of exclusivity, will infringe, induce the infringement of, and contribute to the infringement by others of the '733 patent;

(e)    A declaration that Zydus Defendants' commercial manufacture, use, offer for sale, or sale in the United States, or importation into the United States, of the Zydus ANDA Products, or inducing or contributing to such conduct, would constitute infringement of one or more claims of the '733 Patent by Zydus Defendants under one or more of 35 U.S.C. § 271(a), (b), and (c);

(f)    An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Zydus Defendants engage in the commercial manufacture, use, offer for sale, or sale in the United States, or importation into the United States of the Zydus ANDA Products, or any product that infringes the '733 patent, or induces or contributes to such conduct, prior to the expiration of the '733 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(g)    A judgment that Zydus Defendants willfully and deliberately infringed the '733 patent;

(h)    A declaration that this is an exceptional case and an award of attorney's fees

-16-

pursuant to 35 U.S.C. § 285;

(i)    Costs and expenses in this action; and

(j)    Such further and other relief as this Court may deem just and proper.


Dated: March 19, 2020                              Respectfully submitted,
       Newark, New Jersey

                                                   s/ William P. Deni, Jr.
*Of Counsel*:                                      William P. Deni, Jr.
                                                   Charles H. Chevalier
John J. Normile (*pro hac vice* to be submitted)   J. Brugh Lower
Sarah A. Geers                                     **GIBBONS P.C.**
Lisamarie LoGiudice (*pro hac vice* to be submitted)  One Gateway Center
**JONES DAY**                                      Newark, New Jersey 07102
250 Vesey Street                                   Tel:  (973) 596-4500
New York, NY 10281                                 Fax: (973) 596-0545
(212) 326-3939                                     wdeni@gibbonslaw.com
                                                   cchevalier@gibbonslaw.com
Andrea Weiss Jeffries (*pro hac vice* to be submitted)  jlower@gibbonslaw.com
**JONES DAY**
555 S. Flower Street                               *Attorneys for Plaintiff*
Los Angeles, CA 90071                              *Merck Sharp & Dohme B.V.*
(213) 243-2176                                     *and Organon USA Inc.*

Anthony M. Insogna
**JONES DAY**
4655 Executive Drive, Suite 1500
San Diego, CA  92121-3134
(858) 314-1130

Jihong Lou (*pro hac vice* to be submitted)
**JONES DAY**
51 Louisiana Avenue, NW
Washington, DC 20001-2113
(202) 879-3631

Shayna Cook (*pro hac vice* to be submitted)
Alan Littmann (*pro hac vice* to be submitted)
Doug Winnard (*pro hac vice* to be submitted)
Lauren Abendshien (*pro hac vice* to be submitted)
**GOLDMAN ISMAIL TOMASELLI**
**BRENNAN & BAUM LLP**
200 S. Wacker Drive, 22nd Floor
Chicago, IL 60606
(312) 681-6000